UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 20-11788-DMG (MAAx)** | Date January 6, 2021 |
| Title *Pur Americana LLC v. Elizabeth George* | Page 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On February 26, 2020, Plaintiff Pur Americana LLC filed an unlawful detainer action in the Superior Court of California, County of Los Angeles against Defendant Elizabeth George. Notice of Removal, Ex. A ("Compl.") [Doc. # 1]. On July 10, 2020, George filed an answer, and on December 29, 2021, George filed a notice of removal to federal court, asserting federal question jurisdiction based on her Answer. *Id.* at ¶ 8.

It is axiomatic, however, that federal jurisdiction cannot rest upon an actual or anticipated defense. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). That is not the case here, where the Complaint itself raises no federal question.

Nor does the Complaint reveal a basis for diversity jurisdiction. The Complaint states that the amount of damages sought by Plaintiff is past-due rent of $1,686, the fair rental value of the premises of $55.43 per day, and attorneys' fees. Compl. at 7-8. This is well below the $75,000 amount-in-controversy jurisdictional threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Moreover, it appears that Defendant George's notice of removal is untimely. A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The Complaint was filed on February 26, 2020, and George's notice of removal was not filed until December 29, 2020, nine months after the 30-day deadline had passed.

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-11788-DMG (MAAx) | Date | January 6, 2021 |
|---|---|---|---|
| Title | *Pur Americana LLC v. Elizabeth George* | Page | 2 of 2 |

      In light of the foregoing, this case is hereby **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**